IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR 06-32-1-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| JAMES A. IRBY, | ) | |
| | ) | |
| Defendant. | ) | |

    Lance A. Caldwell
    Scott E. Asphaug
    UNITED STATES ATTORNEYS OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204

     Attorneys for United States of America

    Stephen R. Sady
    OFFICE OF THE FEDERAL PUBLIC DEFENDER
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

     Attorney for Defendant

JONES, Judge:

Currently before the court is the government's Motion to Amend Judgment (#75), brought pursuant to 18 U.S.C. §§ 3664(k) & (n). On April 4, 2006, defendant James A. Irby pled guilty to Count 1 of an Indictment in which he was charged with multiple counts of Mail Fraud, in violation of 18 U.S.C. § 1341. On July 18, 2006, defendant was sentenced to 36 months of imprisonment, followed by a three-year term of supervised release, based on his role as an organizer in a massive scheme to defraud the Federal Emergency Management Agency ("FEMA") by filing false claims for Hurricane Katrina disaster relief funds. The government established that defendant, acting in concert with numerous co-conspirators, fraudulently obtained $340,468.00; accordingly, defendant was ordered to pay restitution in that amount back to FEMA.

In his Opposition to Motion to Amend and Motion to Dismiss for lack of Jurisdiction (#78), defendant contends that the Federal Bureau of Prisons ("BOP") does not have the authority under the Mandatory Victims Restitution Act to set a repayment schedule pursuant to its Inmate Financial Responsibility Program ("IFRP") during his period of incarceration, and therefore cannot sanction him for failure to participate in the IFRP. United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005)(Gunning II); *see also* Opposition at Exhibit A, pp. 6-8 (defendant's habeas corpus petition in which he requests waiver of collection of restitution). The government informs the court that the BOP voluntarily agreed to cease collection activity pursuant to the IFRP and has identified defendant as IFRP exempt. (Mem. in Support of Mot. to Amend Judg. (#76) at 2-3.)

In the formal Amended Judgment (#61), the Schedule of Payments section does not specify a repayment schedule for the BOP to use to collect restitution from defendant, but it unequivocally orders, "payment to begin immediately."  Defendant's attempt to avoid paying his restitution obligation while he is in federal custody, based on an alleged lack of specificity in the judgment, is entirely disingenuous.  At sentencing, there was ample evidence in the record to establish that defendant made his living as a con artist, "hustler," and promoter of prostitution. (*See* July 18, 2006, Transcript of Sentencing Proceedings ("Tr.") at 30-48.)  It is therefore not surprising that defendant is now attempting to use a perceived "loophole" in the judgment to avoid assuming responsibility for repaying his restitution obligation.  There is nothing unclear about the phrase "payment to begin immediately."  Nor is there any lack of clarity in the following instructions:

> [P]ayment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court at the address below, unless otherwise directed by the court, the probation officer, or the United States Attorney.

(Judgment, at 6.)  These instructions mean that defendant is required to pay 100 percent of every cent he earns or receives from any source while he is in prison.

No lesser schedule of payments was contemplated by the court or discussed during the sentencing proceeding.  Defendant promised the court again and again that he would use every effort to pay his restitution, as the following colloquy from the July 18, 2006, sentencing proceeding demonstrates:

> Irby:   I'm a man that did something wrong.  I want to work, I want to pay these people this money back because ever since I got involved with this money, this money has been bad luck.  (Tr. at 7.)

3 - OPINION AND ORDER

\* \* \*

Irby: I'm going to work. I don't care what I have to do, I'm going to pay that money back. I'm going to pay you all that money back. I hate that I took that money [sobbing] . . . . (Tr. at 8.)

\* \* \*

Irby: And I'm sorry I took that money, from my heart, because ever since I took it, it ain't been nothing but bad luck. [I'll cut] grass, whatever I have to do. I'll get a temporary job. I'm going to pay it back all of it, even if I die trying. (Tr. at 9.)

\* \* \*

Irby: I ask you again if you'd give me a year in prison, and a year in an inpatient drug program and three years' probation and give me time to make some payments because I can work. You know, I work in prison now. I make 12 cents an hour.

The Court: You're lucky you're making anything.

Irby: Yeah. Well, I would like to be out on the street where I could make that money and pay the . . . .

The Court: Okay. Irby, in respect to this matter, I've taken into consideration the presentence report. I find it -- I've reviewed it, for the record. The 33 months, in a range of 33 to 41 months.

I'm going to sentence you to 36 months, and you'll follow it by three years of supervised release. The sentence is based on punishment and hopefully rehabilitation and protection of others from your illegal activities.

You're being ordered to pay restitution. It's in the amount of $340,468. It's clear that you'll never be able to pay that back with your limited background, but it is ordered.

(Tr. at 50-51.) Defendant owes a huge debt to the FEMA disaster relief fund; probably more than he can ever hope to pay back in his lifetime. He promised the court that he would work, he

4 - OPINION AND ORDER

informed the court that he had a job in prison, and he gave the court no reason to set his repayment schedule at anything less than 100 percent.

This court did not delegate its authority to set a schedule of restitution payments to the BOP, and the formal Amended Judgment instructs defendant to pay his monetary penalty either through the IFRP, or by sending it directly to the Clerk of this court. Given the unique facts of this case, the current Amended Judgment does not suffer from the same infirmities as the judgment in Gunning II, *supra*, or United States v. Soroka, 508 F.Supp.2d 869 (D.Or. 2007), and therefore requires no further amendment. Accordingly, the government's Motion to Amend Judgment is DENIED.[1] The BOP is directed to remove defendant from "IFRP exempt" status and, pursuant to its authority, resume collecting restitution payments from defendant at the rate of 100 percent. *See* 28 C.F.R. §545.10, *et seq.*

IT IS SO ORDERED.

DATED this 17th day of December, 2007.

 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[1] If defendant can demonstrate "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," 18 U.S.C. § 3664(k), he may move this court for an order to amend the judgment to set his restitution repayment schedule at something less than 100 percent.

5 - OPINION AND ORDER